Palmer v. Smith                    CV-95-598-SD  12/15/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>B. Irene Palmer</u>;
<u>Donald Palmer</u>


   v.                                   Civil No. 95-598-SD


<u>David Smith, et al</u>



O R D E R


At this stage of the proceedings, the court considers the complex issues arising from the inability of a trial jury to resolve all issues presented to it at trial.


<u>1.  Procedural Background</u>

Plaintiffs B. Irene Palmer and Donald Palmer are husband and wife.  The claims at issue stem from incidents which occurred during the employment of Mrs. Palmer at a nursing home located in Peterborough, New Hampshire.  The defendants are David Smith, at relevant times the administrator of said nursing home; Richard Daigle, a former bailiff at the Peterborough District Court; and Bruce McCall, a Peterborough police officer.

Plaintiffs launched a multitude of complaints against these defendants, as well as the owners and operators of the nursing

home.[1]  At the conclusion of trial, the issues were presented to the jury by medium of special verdict questions.

As against defendant Smith, the claims included his participation in an alleged false arrest of Mrs. Palmer which occurred at the nursing home on March 31, 1995.  Additionally, it was claimed that over a longer period of time Smith had engaged in conduct, intentional and negligent, which was defamatory of and causative of emotional distress to Mrs. Palmer.  This included the display in his office of a xerox copy of a certain photograph of Mrs. Palmer which had been taken at an earlier office Christmas party.  It was also charged that Smith's conduct was such as to be sexually harassing in nature and to create a hostile work environment.

The jury found for Mrs. Palmer against Smith on her claim of false arrest at common law, and awarded her $2,000 for damages on that claim.  The jury found for Smith on the claims of intentionally caused emotional distress, defamation arising from the false arrest, and battery arising from such false arrest. The jury failed to decide the issues as to whether Smith's participation in the false arrest was violative of Mrs. Palmer's civil rights; whether Smith's conduct was negligently causative

---

[1]Prior to trial, the owner/operators Sowerby Health Care, Inc., and Pheasant Wood Nursing Home, Inc., settled with the Palmers for the sum of $25,000.

2

of her emotional distress; whether his conduct was defamatory concerning display of the copy of the Christmas party photograph; whether Smith engaged in conduct against Mrs. Palmer which was sexually harassing and creative of a hostile work environment; and whether Mr. Palmer was entitled to recover for his loss of consortium. The jury also failed to answer a series of questions the answers to which were designed to determine whether Smith was entitled to the coverage of a certain insurance policy.[2] Finally, the jury did not answer any questions concerning the plaintiffs' claims to recover punitive damages.

The claims against defendant Richard Daigle were concerned only with the March 1995 false arrest incident. As to Daigle, the jury found that Mrs. Palmer was entitled to recover for false arrest at common law, and also found that Daigle committed battery against her. The jury found for defendant Daigle on the claim of defamation. The resulting damages awarded against Daigle were the sum of $4,000 for the false arrest at common law and $2,000 for the battery.

The jury failed to return verdicts on the issues of whether

_____

The policy was issued by Allstate Insurance Company, which had brought a declaratory judgment action in advance of trial seeking to determine the scope of its coverage. Prior to trial, this declaratory judgment was consolidated with the action on the merits, and the court ruled that the jury would answer certain special interrogatories (numbered 10 through 14) designed to determine the issue of coverage.

Daigle's participation in the false arrest was violative of Mrs. Palmer's civil rights; the right of Mr. Palmer to recover for loss of consortium; and punitive damages.

As to defendant McCall, whose only connection was with the false arrest incident, the jury found for Mrs. Palmer on her claim of false arrest at common law and found for McCall on the claims of defamation and battery. The resulting award was the sum of $1,800 against McCall.

Again, the jury failed to answer the questions as to whether McCall's actions were violative of Mrs. Palmer's civil rights; whether Mr. Palmer was entitled to recover for loss of consortium; and punitive damages.

## 2. Discussion

If a jury fails to answer all the questions submitted in a special verdict, the verdict may be accepted for those issues that are resolved. Simms v. Village of Albion, NY, 115 F.3d 1098, 1105 (2d Cir. 1997); Quaker City Gear Works, Inc. v. Skil Corp., 747 F.2d 1446, 1453 (Fed. Cir. 1984), cert. denied, 471 U.S. 1136 (1985). A partial retrial may thereafter be ordered only as to those issues which were not unanimously agreed upon by the jury. Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1581 (Fed. Cir.), cert. denied, ___ U.S. ___, 116 S. Ct.

4

272 (1995).

Additionally, if a case is submitted to a jury and the jury is unable to return a verdict, the district court may still enter judgment as a matter of law. 9 MOORE'S FEDERAL PRACTICE § 50.04[2], at 50-19 (3d ed., Matthew Bender 1997); Hedgepeth v. Fruehauf Corp., 634 F. Supp. 93, 95 (S.D. Miss. 1986), aff'd without opinion, 813 F.2d 405 (5th Cir. 1987). And finally, where, as here, there has been a release given to one of two or more persons liable in tort for the same injury, the claim of the releasing person against other persons is to be reduced by the amount of compensation paid for the release. New Hampshire Revised Statutes Annotated (RSA) 507:7-h, 7-i;[3] Waters v. Hedberg, 126 N.H. 546, 549-50, 496 A.2d 333, 335-36 (1985).[4]

Careful consideration of these factors leads the court to

---

RSA 507:7-h provides that, while a release "does not discharge any other person liable upon the same claim unless its terms expressly so provide . . . [i]t reduces the claim of the releasing person against other persons by the amount of the consideration paid for the release."

RSA 507:7-i forbids the introduction at trial of any settlement had with a co-defendant, but provides that "upon return of a verdict for the plaintiff by the jury in any such trial, the court shall inquire of counsel the amount of consideration paid for any such settlement . . . and shall reduce the plaintiff's verdict by that amount."

Waters v. Hedberg, supra, considered the application of the now-repealed RSA 507:7-b, a predecessor statute which also provided for reduction of claims against co-defendants by the amount of consideration contained in a release.

conclude that, while there must be a partial retrial as to defendant Smith, judgments may and should now be entered, as hereinafter directed, in the cases against defendants Daigle and McCall.

a. Judgment as a Matter of Law

Faced with a motion for judgment as a matter of law, a court must scrutinize the proof and the inferences reasonably to be drawn therefrom in the light most favorable to the non-movant. Gibson v. City of Cranston, 37 F.3d 731, 735 (1st Cir. 1994). The court may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence, and may grant the judgment only if the evidence, viewed from the perspective most favorable to the non-movant, is so one-sided that the movant is plainly entitled to judgment, for reasonable minds could not differ as to the outcome. Id.

i. Plaintiffs' Civil Rights Claims

To establish her claims that the false arrest of March 1995 was violative of her civil rights, Mrs. Palmer was required to demonstrate that the conduct of the defendants reflected a reckless or callous indifference to her rights. Guttierrez-Rodriquez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). The

evidence at trial, taken most favorably to plaintiff's cause, failed to support any such finding.

Defendant Daigle knew Mrs. Palmer from visits to the nursing home, where his mother and mother-in-law had at differing times been patients. His daughter, a co-employee of Mrs. Palmer, conceived the idea of an early "April fool" joke, whereby Daigle would advise Mrs. Palmer that he had to bring her down to the Peterborough district court to respond to an overdue traffic violation.

Daigle, following further prodding from his daughter, enlisted the aid of defendant Smith, who suggested that Daigle tell Mrs. Palmer that the alleged offense concerned her financial records. Daigle agreed to this, and also enlisted McCall, in the interest of realism, to bring his police cruiser to the nursing home and stand by the cruiser as if to transport an offender therein.

Mrs. Palmer was duly summoned to Smith's office, told by Daigle that she had to come downtown because of some financial records problem, handcuffed to Smith, and led out to the parking lot, where McCall and his cruiser awaited. Shortly after exiting the nursing home, Daigle removed the handcuffs from Mrs. Palmer and advised her of the joke, and he and McCall then went about other business.

7

While these circumstances demonstrate that the practical joke was ill conceived and that the participants therein perhaps gave insufficient thought to the consequences thereof, the record in this case does not demonstrate by a preponderance of the evidence that the conduct of any of the parties involved therein reflected a reckless or callous indifference to the rights of Mrs. Palmer. Accordingly, the court finds that all defendants are entitled to and herewith enters judgment as a matter of law on the issue of causal violation of Mrs. Palmer's civil rights.

### ii. Punitive Damages

Punitive damages may be assessed "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). The purposes of punitive damage awards are to punish defendants for willful or malicious conduct and to deter others from similar behavior. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306 n.9 (1986). Otherwise put, punitive damages are to be reserved for cases where the defendant's conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory damages. Davett v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992) (citations and

8

internal quotations omitted).

From what has previously been detailed concerning plaintiff's claims for violation of her civil rights, it follows that the preponderance of the evidence presented at trial fails to support a finding of entitlement by these plaintiffs to awards of punitive damages. Accordingly, judgment as a matter of law must be entered on the claims for punitive damages as to all defendants.

### b. Claims for Loss of Consortium

As hereinabove indicated, the jury failed to respond to the special verdict questions concerning the right of Donald Palmer to recover for loss of consortium. It may be that they were given pause by certain evidence concerning his failure to fulfill his marital vows, as well as evidence concerning his participation in a "practical joke" concerning his wife which bore some similarity to the false arrest incident here at issue.[5]

Whatever the reason, even had the jury awarded Mr. Palmer damages for loss of consortium in the same amounts as the awards it made his wife, the total of any such damages, when added to

---

Employed as a security chief at a state hospital, Mr. Palmer made use of his patrol vehicle and its flashing blue lights to pull his wife over when he desired to convey certain information to her.

those of his wife, would still result in his receiving no award because of the application of RSA 507:7-h, 7-i. As the case is not one of those rare occasions where an award for loss of consortium would possibly exceed that made to the injured party, it is clear that the defendants are entitled to judgment as a matter of law also on these claims.

### c. Claims Against David Smith

There remain viable with respect to defendant David Smith the issues of negligently caused emotional distress; defamation concerning his display of the xerox copy of the Christmas photograph; and whether his conduct directed toward Mrs. Palmer comprised sexual harassment and created a hostile work environment. Also to be considered are the issues as to whether he is entitled to coverage under the policy issued him by Allstate Insurance Company.[6] For these reasons, the court may not enter judgment on the claims against Smith at this time, as there must be a partial retrial of these remaining issues.

---

The court believes at this stage of the proceedings that it would be futile to attempt to resolve the insurance policy coverage by again presenting the questions to a jury. Allstate Insurance Company has filed a motion with supporting memorandum, and it may supplement same, if desired, by December 30, 1997. Responses by the interested parties, including the plaintiffs and defendant Smith, may be filed with the court by January 15, 1998. Thereafter the court will attempt to resolve the issue as expeditiously as possible.

<u>d. The Judgments to be Entered</u>

As to defendants Richard Daigle and Bruce McCall, pursuant to Rule 54(b), Fed. R. Civ. P.,[7] the court, finding that there is no just reason for delay,[8] directs that judgment be entered in their cases as follows:

(a) Judgment for plaintiff B. Irene Palmer for costs only on the verdicts received as against defendant Richard Daigle on the claims of false arrest and battery;[9]

_____

Rule 54(b), Fed. R. Civ. P., provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . .

The trial results and the rulings made in this order clearly satisfy the finality rule as to defendants Daigle and McCall, as their remains nothing further in their cases to be adjudicated at the district court level. <u>See</u> <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 42-44 (1st Cir. 1988).

Plaintiff is entitled to costs only for the total of all verdicts ($9,800), offset by the $25,000 received in the settlement from Sowerby Health Care, Inc., and Pheasant Wood Nursing Home. RSA 507:7-h, 7-i, <u>supra</u>. And as against Daigle, even were these requirements not in effect, she would be entitled

(b) Judgment for plaintiff B. Irene Palmer for costs only on her jury verdict as against defendant Bruce McCall on the claim of false arrest at common law;

(c) Judgment for defendant Richard Daigle on the jury verdict on the claim of defamation;

(d) Judgment for defendant Bruce McCall on the jury verdicts on the claims of defamation and battery;

(e) Judgment as a matter of law for defendant Richard Daigle on the claims of violation of civil rights, punitive damages, and loss of consortium;

(f) Judgment as a matter of law for defendant Bruce McCall on the claims of violation of civil rights, punitive damages, and loss of consortium.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

December 15, 1997

cc:   All Counsel

_____

to claim only the larger award of $4,000 under the rule that multiple recoveries may not be had for the same loss even though different theories of liability are alleged in the complaint. Phillips v. Verax Corp., 138 N.H. 240, 248, 637 A.2d 906, 912 (1994); LaBarre v. Sheppard, 84 F.3d 496, 501-02 (1st Cir. 1996).